# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA LANGSTON STERNBERG** | **CIVIL ACTION** |
| **VERSUS** | **NO: 19-2245** |
| **CLEON BROWN RANDON, ET AL** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)** (Rec. Doc. 15) is **GRANTED**, and this matter is dismissed.

## BACKGROUND

This is a defamation suit arising out of alleged defamatory statements made in connection with state court child custody litigation. Plaintiff herein, Cynthia Sternberg, alleges that her ex-husband, Tom Sternberg, and her childhood friend, Cleon Brown Randon, made defamatory statements in the affidavits provided with Tom Sternberg's February 16, 2017 petition for ex parte custody brought pursuant to Louisiana Code of Civil Procedure article 3945.

The ex parte custody petition was filed on February 16, 2017, and was set for hearing before a hearing officer on March 15, 2017. Petitioner, Tom Sternberg, failed to appear at the hearing and thus the article 3945 petition was dismissed, in an order providing seven days, or until March 22, 2017, for him to file objections. No objections having been filed, on March 27, 2017, final judgment was entered dismissing the petition. On March 1, 2019, the Sternbergs entered into a settlement agreement, which specifically covered "all litigation of all the issues

involved in this divorce." Rec. Doc. 15-1, § I. Further, this global settlement agreement included a clause in which the parties agreed that "any breach will be adjudicated in the [22nd Judicial District Court in St. Tammany Parish]" and that each party "waive[d] any right to bring suit in any other state or jurisdiction other than the [22nd Judicial District Court in St. Tammany Parish]. Id. at ¶¶ 4, 6.

Subsequently, Cynthia Sternberg filed the instant defamation suit in this court. Tom Sternberg has moved to dismiss arguing that the suit is prescribed, because it was brought more than one year after the alleged defamatory statements were made, and that the court lacks jurisdiction, because by the terms of the parties' settlement, any related litigation must be filed in the 22nd Judicial District. Cynthia Sternberg opposes, arguing that the claims are not prescribed because they did not come into existence until the entry of the settlement agreement, and that the forum selection clause is inapplicable to her defamation suit, because the state court section in which the prior litigation proceeded is a family court that does not have jurisdiction to hear the defamation claims.

## DISCUSSION

*Forum selection clause*

While the motion to dismiss based on the forum selection clause is premised on Federal Rule 12(b)(1), the Supreme Court has instructed that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas, 571 U.S. 49, 62–63 (2013). Under the forum non conveniens doctrine, a court may decline to exercise

jurisdiction over a case properly before it if the case may be more conveniently tried in another forum. In re Volkswagen of Am., Inc., 545 F.3d 304, 313 (5th Cir. 2008).

In the usual case, courts consider private and public interest factors in determining convenience. Weber v. PACT XPP Techs., AG, 811 F.3d 758, 766–67 (5th Cir. 2016). The private interest factors are: the relative ease of access to sources of proof, the availability of compulsory process to secure the attendance of witnesses, the cost of attendance for willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. In re Volkswagen of Am., Inc., 545 F.3d at 315. The public interest factors are: the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case. and the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. Id.   However, when there is a valid forum selection clause, "[i]nstead of independently weighing the private interests of the parties, the court should deem the private-interest factors to weigh entirely in favor of the preselected forum." In re Lloyd's Register N. Am., Inc., 780 F.3d 283, 293–94 (5th Cir. 2015) (citing Atl. Marine, 134 S. Ct. at 582)(internal quotations omitted)). "As a consequence, a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." Atl. Marine, 134 S. Ct. at 582.

In this case, Cynthia Sternberg's sole argument against the applicability of the forum selection clause is that the selected forum, the 22nd Judicial District Court for the Parish of St. Tammany, is a family court that has no jurisdiction over defamation claims. However, "[d]istrict

3

courts are tribunals of general jurisdiction in Louisiana." Tanner v. Beverly Country Club, 217 La. 1043, 1072, 47 So. 2d 905, 915 (1950). Therefore, even though the 22nd Judicial District Court may dedicate certain sections to specific areas of law, the court is nonetheless a court of general jurisdiction. Thus, while the Sternberg's divorce and incidental litigation may have proceeded in a family law section, that does not mean that no section of the 22nd Judicial District court can assert jurisdiction over plaintiff's defamation claim. Accordingly, plaintiff has not demonstrated the extraordinary circumstances needed to override the forum selection clause.

Moreover, Cynthia Sternberg has not argued that the forum selection clause is otherwise invalid. Under the Bremen rule, forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." The BREMEN v. Zapata Off–Shore Co., 407 U.S. 1, 15 (1972). The Bremen rule, announced in an admiralty case, has been explicitly held to apply to motions to dismiss based on a forum selection clause filed in cases before federal courts sitting in diversity. International Software Systems, Inc. v. Amplicon, Inc., 77 F.3d 112, 115 (5th Cir.1996). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir.1997).

Plaintiff has failed to argue that any of these concerns were present in confecting the forum selection clause included in the operative settlement agreement, and the court's review of the record does not indicate that any were present. Plaintiff herself is an attorney, and the settlement agreement was reached after lengthy litigation, and read into the record in open court, in a proceeding in which plaintiff agreed to its terms. Accordingly, the court finds that the forum selection clause is valid and enforceable, and this matter is dismissed on forum non conveniens grounds.

*Prescription*

Because the court finds that this matter should be dismissed pursuant to the valid forum selection clause, it pretermits consideration of the prescription issue. Accordingly,

**IT IS HEREBY ORDERED** that defendant's **Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)** (Rec. Doc. 15) is **GRANTED**, and this matter is dismissed.

New Orleans, Louisiana, this   21st   day of November, 2019.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**